## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                   CRIMINAL ACTION NO. 3:25-00154-01

JOSHUA WILLIE MCCARVER
    also known as "TJ"

### MEMORANDUM OPINON AND ORDER

Pending before the Court is the Government's Motion to Revoke the Order Releasing Defendant on Bond. ECF No. 40. Defendant Joshua Willie McCarver opposes the motion. For the following reasons, the Court **GRANTS** the motion and **REVOKES** the Order Releasing Defendant on Bond.

On September 9, 2025, Defendant was indicted with nine other individuals for participating in a large-scale drug trafficking organization ("DTO"). The Government alleges that Defendant was a leader of the organization, and he is charged in Count One with engaging in a conspiracy to distribute a quantity of fentanyl and 50 grams or more of methamphetamine, in Count Eleven with distributing 5 grams or more of methamphetamine, in Count Nineteen with aiding and abetting the distribution of 50 grams or more of a methamphetamine mixture, in Count Twenty with distributing a quantity of fentanyl, in Count Twenty-One with distributing 50 grams or more of methamphetamine, and in Count Twenty-Three with distributing 50 grams or more of a methamphetamine mixture. The day after the indictment was returned, Defendant was arrested in the Eastern District of Michigan, and he appeared for a detention hearing before a Magistrate Judge on September 11. At the hearing, the Magistrate Judge ordered the defendant released on a $10,000 unsecured bond, with certain conditions, including that he be placed on home incarceration with

GPS monitoring.[1] Following the Magistrate Judge's decision, the Government formally noted its intent to seek revocation of the release order, and the Magistrate Judge stayed the order until September 13, 2025. The Government then sought an additional extension from this Court to allow it to file its motion. The Court granted the motion and stayed the release order until 4:30 p.m. today, giving both sides the opportunity to brief the issue.

In addition to indicating the charges pending against Defendant, the Government points out that, if convicted, several of the charges carry a minimum term of imprisonment of ten years, creating a rebuttable presumption in favor of detention under 18 U.S.C. § 3142(e).[2] The Government also asserts it gathered strong evidence against Defendant through such investigative techniques as controlled buys, "physical surveillance, phone geolocation data, . . .traffic stops" and video and audio recordings that demonstrate Defendant was deeply and actively involved in distributing very large quantities of drugs. *Mot. to Revoke Or. Releasing Def. on Bond*, at 7. The Government alleges its evidence shows that Defendant traveled to this District to distribute drugs and then returned to Michigan with the proceeds from the distribution. Furthermore, several

---

[1]Defendant also was prohibited from possessing a firearm, required to report to the Pretrial Services Agency as directed, prohibited from traveling outside the district except for court purposes, avoid contact with his co-defendants, not use alcohol excessively or unlawfully possess or use controlled substances, submit to drug testing, participate in substance abuse treatments if so directed, pay for the cost of GPS monitoring, comply with the requirements of GPS monitoring, resolve outstanding warrants as directed, and appear in court as directed. *Mot. to Revoke Or. Releasing Def. on Bond*, at 2-3.

[2]Section 3142(e)(3)(A) provides, in relevant part: "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed—(A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]" 18 U.S.C. § 3142(e)(3)(A), in part.

-2-

firearms, suspected drugs, drug paraphernalia, drug processing equipment, and cash were found in an associated residence that was searched the day after the indictment was returned.

As to Defendant's history and characteristics, the Government submitted documents showing he previously was convicted of distributing fentanyl in this District. *Gov't Ex. 2*, at 8; *United States v. McCarver*, No. 3:18-cr-00235. Following his release, Defendant committed multiple supervised release violations and had his supervised release revoked. The Government additionally contends Defendant was arrested for several other crimes. He further has a significant history of failing to appear in Court, has ten outstanding warrants for failing to appear,[3] has a minimal employment history, and his only connection with the District is drug trafficking. The Government also asserts that Defendant's bond with home incarceration is insufficient to ensure the safety of the community as several of his co-defendants have not yet been arrested, and Defendant could easily maintain his leadership role. Therefore, the Government moves this Court to revoke the release order and order Defendant to be detained.

In considering the Government's motion, the Court must conduct a de novo review and make an independent determination of whether a defendant should be detained or released. *United States v. Covington*, No. 2:14-CR-00006, 2014 WL 504880, at *3 (S.D. W. Va. Feb. 7, 2014) (quoting *United States v. Stewart*, 19 Fed. App'x. 46, 48 (4th Cir. 2001) (per curiam) (unpublished) (other citations omitted) ("'When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions of release.'"). The factors the Court must consider "in determining whether there are conditions of release that will

---

[3]The Government states that all but one of those warrants is for misdemeanor driving offenses.

reasonably assure the appearance of the person as required and the safety of any other person and the community" include:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g), in part. As two of offenses Defendant is charged with committing have penalties of at least ten years under the Controlled Substances Act, the Court also must presume there is "no condition or combination of conditions [that] will reasonably assure [Defendant's] appearance . . . and the safety of the community if the judicial officer finds that there is probable cause to believe that" Defendant committed an offense with such a penalty. *See* 18 U.S.C. § 3142(e)(3)(A); *United States v. Baird*, Crim. Act. No. 3:24-00183, 2025 WL 42642, at *2 (S.D. W. Va. Jan. 7, 2025) ("A rebuttable presumption favoring detention applies because Defendant is charged with a crime under the Controlled Substances Act with a maximum term of imprisonment of ten years or more." (citations omitted)). Here, in light of the grand jury indictment and the

evidence asserted by the Government, the Court has no difficulty finding probable cause exists. As such, the burden of production shifts to Defendant to present evidence to suggest the presumption is unwarranted. *Baird*, 2025 WL 42642, at *2. If Defendant successfully rebuts the presumption, then the Government must "prove by a preponderance of the evidence that detention is nevertheless warranted." *Id.* (internal quotation marks and citations omitted).

In his Opposition to the Government's motion, Defendant argues he should remain on release because the pretrial services report recommended release and the Magistrate Judge recognized he had strong ties to the Detroit, Michigan. Additionally, he insists that many defendants now deal in large quantities of drugs so the amount he is alleged to have dealt is not so unusual. He further asserts home incarceration will prevent him from transporting drugs to this District, and there are third parties who have committed to bring him here for court appearances.

Upon review, the Court finds that Defendant has failed to meet his burden of production and detention is warranted under the factors described in § 3142(g) for the reasons stated above that are described by the Government, which includes, *inter alia*: Defendant is charged with being the leader of a significant DTO; he has a history of distributing drugs in this District; he has no other connection to this District; he has a history of failing to appear for court appearances; he violated supervised release imposed by this Court; he has arrests for multiple other crimes with outstanding warrants; firearms were found in a residence allegedly connected to Defendant; and he has a minimal employment record. Given these factors and the other reasons stated by the Government, the Court specifically finds by clear and convincing evidence that there are no "conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). Accordingly, the Court

**GRANTS** the Government's Motion and **REVOKES** the Order Releasing Defendant on Bond. The Court **ORDERS** Defendant detained.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:        September 16, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE